UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **CCNG ENERGY PARTNERS, LP** | § | **Case No. 15-70136** |
| **CCNG ENERGY PARTNERS GP, LLC** | § | **Case No. 15-70141** |
| **MOSS BLUFF PROPERTY, LLC** | § | **Case No. 15-70137** |
| **TRINITY ENVIRONMENTAL** | § | |
| **CATARINA SWD, LLC** | § | **Case No. 15-70138** |
| **TRINITY ENVIRONMENTAL SERVICES, LLC** | § | **Case No. 15-70139** |
| **TRINITY ENVIRONMENTAL SWD, LLC** | § | **Case No. 15-70135** |
| **TRINITY ENVIRONMENTAL** | § | |
| **TITAN TRUCKING, LLC** | § | **Case No. 15-70140** |
| | § | |
| **Debtors** | § | **Joint Administration Requested** |

**EMERGENCY MOTION OF THE DEBTORS FOR INTERIM AND
FINAL ORDERS PURSUANT TO SECTIONS 105(a) AND 366 OF
THE BANKRUPTCY CODE TO (I) APPROVE DEBTORS' PROPOSED
FORM OF ADEQUATE ASSURANCE AND (II) PROHIBIT UTILITIES
FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE**

TO THE HONORABLE RONALD B. KING, CHIEF U.S. BANKRUPTCY JUDGE:

Pursuant to 11 U.S.C. §§ 105(a) and 366, the above-captioned debtors and debtors-in possession (collectively, the "Debtors") file this motion (the "Motion") seeking interim and final orders from the Court establishing adequate assurance for payment of utilities and prohibiting the Debtors' utility companies from altering, refusing, or discontinuing services.

**Jurisdiction and Venue**

1. This Court (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 11 U.S.C. § 1409(a) and the Standing Order of Reference. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (G), and (O). The Court has the authority to enter the requested relief pursuant to Bankruptcy Code §§ 105 and 366.

8745-1/00533426.000

1

**Background**

2. On October 12, 2015 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue operating their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Relief Requested**

3. Section 366 of the Bankruptcy Code prevents a utility company from altering, refusing, or discontinuing service to a debtor during the first thirty (30) days of a chapter 11 case. Thereafter, a utility company may terminate its services if the debtor has not furnished adequate assurance of payment. 11 U.S.C. § 366(c)(2).

4. Pursuant to sections 105(a) and 366 of the Bankruptcy Code, the Debtors seek entry of the proposed interim order (the "Interim Order"), attached hereto as **Exhibit B**, and thereafter a final order (the "Final Order"): (i) determining that the Utility Companies (as defined below) have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (ii) approving the Debtors' proposed Adequate Assurance Deposit (as defined below); and (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Debtors' proposed adequate assurance.

**The Utility Companies**

5. In connection with the operation of their business and management of their properties, the Debtors obtain electricity, water, wastewater disposal, garbage disposal, telephone services, internet services, and/or other similar services (collectively, the "Utility Services") from a number of utility companies or their brokers (collectively, the "Utility Companies"). Attached

hereto as **Exhibit A** is a list of the Utility Companies and their affiliates that provide Utility Services to the Debtors as of the Petition Date (the "Utility Service List").[1] For each Utility Company, the Utility Service List includes an average per diem cost of Utility Services based on bills paid by the Debtors in the twelve months (or less for Utility Services that Debtors either recently acquired or recently increased their usage significantly) preceding the Petition Date and the Adequate Assurance Deposit (as defined below) proposed by Debtors. *See* **Exhibit A**. The relief requested herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those listed on the Utility Service List.

6. Uninterrupted Utility Services are essential to the Debtors' ongoing operations and the success of the Debtors' chapter 11 cases. Should any Utility Company refuse or discontinue service, even for a brief period, the Debtors' business operations could be severely disrupted, which would jeopardize the Debtors' efforts to reorganize. It is essential that the Utility Services continue uninterrupted during the chapter 11 cases.

### Proposed Adequate Assurance Deposit

7. Pursuant to section 366(c)(2) of the Bankruptcy Code, a utility may alter, refuse, or discontinue a chapter 11 debtor's utility service "if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility." 11 U.S.C. § 366(c)(2). Section 366(c)(1) of the Bankruptcy Code provides that "assurance of payment" of postpetition charges may consist of: (i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee. *Id.*

---

[1] The inclusion of any entity on, as well as the omission of any entity from, the Utility Service List is not an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights with respect thereto.

8745-1/00533426.000

3

§ 366(c)(1)(A).

8. The Debtors intend to timely pay all postpetition obligations owed to the Utility Companies. To provide adequate assurance of payment to the Utility Companies, the Debtors propose to provide, within fourteen (14) business days after entry of a Final Order approving this Motion, a deposit in the aggregate of a sum equal to approximately ten (10) days of Utility Services, calculated as a historical average over the 12 months (or less for Utility Services that Debtors either recently acquired or recently increased their usage significantly) preceding the Petition Date (the "<u>Adequate Assurance Deposit</u>") into an interest-bearing, newly created segregated account (the "<u>Utility Deposit Account</u>") for the benefit of any Utility Company unless a Utility Company agrees to a lesser amount. *See* **Exhibit A**. The Utility Deposit Account shall be held in escrow pending further order of the Court. The Debtors request the right to withdraw funds from the Utility Deposit account to the extent such funds were deposited on account of a Utility Company that is subsequently removed from the Utility Service List. Based on the foregoing calculation, for those Utility Companies on the Utility Service List, the Debtors estimate that the total amount of the Adequate Assurance Deposit will be approximately $79,000.00. *See id*.

9. The Debtors submit that the proposed Adequate Assurance Deposit constitutes sufficient adequate assurance to the Utility Companies. If any Utility Company believes additional adequate assurance is required, they may request such assurance pursuant to the procedures set forth below.

## Objections to the Adequate Assurance Deposit

10. In light of the severe consequences to the Debtors of any interruption in services by the Utility Companies, but recognizing the right of each Utility Company to evaluate the

Adequate Assurance Deposit on a case-by-case basis, the Debtors propose that any Utility Company not satisfied with the Adequate Assurance Deposit be required to file a written objection ("Objection") prior to a final hearing on this Motion: (i) setting forth the type of Utility Services and the location for which such services are provided; (ii) including a summary of the Debtors' payment history relevant to the affected account(s); and (iii) setting forth the reason(s) the Utility Company believes that the Adequate Assurance Deposit is not sufficient adequate assurance of future payment. The Debtors propose that the Court require any Objection be filed and served upon the Notice Parties (as defined below) within three (3) business days prior to the final hearing on this Motion (the "Objection Deadline").

11. As stated above, section 366 of the Bankruptcy Code prevents utility companies from altering, refusing, or discontinuing service to a debtor during the first thirty (30) days of a chapter 11 case. 11 U.S.C. §§ 366(a) and (c). Accordingly, the Debtors request that the hearing to consider this Motion be scheduled for a date on or before thirty (30) days after the Petition Date. Therefore, the Debtors submit that pending the approval of this Motion or any adjournments thereof, the Utility Companies are prohibited from discontinuing, altering, or refusing service to the Debtors, including as a result of unpaid charges for prepetition services or as a result of any Objections to the Adequate Assurance Deposit as provided by section 366 of the Bankruptcy Code.

12. The Court will determine the adequacy of the Adequate Assurance Deposit with respect to all Objections not resolved prior to the hearing pursuant to section 366(c) of the Bankruptcy Code. The Debtors respectfully request that absent compliance with the procedures for filing a timely Objection, the Utility Companies be forbidden to alter, refuse, or discontinue service on account of any prepetition charges, or to require additional adequate assurance of

payment other than the Adequate Assurance Deposit.

### Subsequent Modifications of the Utility Service List

13. Although the Debtors have made extensive and good-faith efforts to identify all Utility Companies, certain companies that currently provide Utility Services to the Debtors may have been inadvertently omitted from the Utility Service List. To the extent that the Debtors identify additional Utility Companies, the Debtors will promptly file amendments to the Utility Service List and serve copies of the Motion and, if entered, the Interim Order and the Final Order approving this Motion on such newly identified Utility Companies.

14. The Debtors further request that the Court make the Final Order approving this Motion binding on all Utility Companies, regardless of when each Utility Company was added to the Utility Service List, provided that any such newly identified Utility Company shall have fourteen (14) days from the date of being served with copies of the Motion and, if entered, the Interim Order and the Final Order approving this Motion, to file and serve an Objection.

### Cause Exists to Authorize the Debtors' Proposed Treatment of the Utility Companies Under Section 366

15. The relief requested herein will ensure that the Debtors' operations will not be disrupted, which would severely harm the Debtors' business operations and revenues. The relief requested provides the Utility Companies with a fair and orderly procedure for determining the reasonableness of the adequate assurance.

16. Section 366 of the Bankruptcy Code protects a debtor against the immediate termination of utility services after commencing its case.[2] Under sections 366(a) and (c)(2), a

---

[2] Section 366 of the Bankruptcy Code provides, in relevant part, as follows:

> (a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for

8745-1/00533426.000

utility may not alter, refuse, or discontinue services to a debtor during the first 30 days of a chapter 11 case. If the debtor does not provide "adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility during that 30-day period, the utility may then alter, refuse, or discontinue services. 11 U.S.C. § 366(c)(2). However, section 366(c)(3)(A) authorizes the court to modify the amount of an assurance payment required under section 366(c)(2).

17. Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "BAPCPA"), it was well established by courts, commentators, and legislative history that section 366 of the Bankruptcy Code did not require, as a matter of course, the debtor to provide a deposit or other security to its utilities as adequate assurance of payment. In *Virginia Electric & Power Co. v. Caldor, Inc. – NY*, the Second Circuit Court of Appeals affirmed the bankruptcy court's ruling that the debtor's prepetition payment history, its postpetition liquidity, and the administrative expense priority afforded to postpetition invoices constituted adequate assurance of future performance. 117 F.3d 646, 647 (2d Cir. 1997). The court further rejected the argument that section 366(b) nevertheless required a "deposit or other

---

service rendered before the order for relief was not paid when due.

\* \* \*

(c)(2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

(c)(3)(A) On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).
  (B) In making a determination under this paragraph whether an assurance of payment is adequate, the court may not consider—
    (i) the absence of security before the date of the filing of the petition;
    (ii) the payment by the debtor of charges for utility service in a timely manner before the date of the filing of the petition; or
    (iii) the availability of an administrative expense priority.

11 U.S.C. §§ 366(a), (c)(2), and (c)(3).
8745-1/00533426.000

security" and held that "a bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under section 366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'" *Id.* at 650; *see also Shirey v. Philadelphia Elec. Co.* (*In re Shirey*), 25 B.R. 247, 249 (Bankr. E.D. Pa. 1982) ("section 366(b) . . . does not permit a utility to request adequate assurance of payment for continued services unless there has been a default by the debtor on a pre-petition debt owed for services rendered").

18. Under BAPCPA's revisions to section 366(c) of the Bankruptcy Code, however, a utility may alter, refuse, or discontinue utility service if, within 30 days after the commencement of a chapter 11 case, the utility does not receive adequate assurance in a form that is "satisfactory" to the utility, subject to the court's ability to modify the amount of assurance. *See Jones v. Boston Gas Co.* (*In re Jones*), 369 B.R. 745, 748-49 (B.A.P. 1st Cir. 2007) ("Based on a debtor's failure to provide adequate assurance of payment, bankruptcy courts have concluded that § 366 . . . grants utilities the unilateral right to terminate service."). Further, pursuant to changes made effective by BAPCPA, the court may not consider the following factors in determining whether an assurance of payment is adequate: (i) the absence of security before the petition date; (ii) the debtor's history of timely payments; or (iii) the availability of an administrative expense priority. 11 U.S.C. § 366(c)(3)(B).

19. While amended section 366(c) clarifies what does and does not constitute "assurance of payment" and what can be considered in determining whether such assurance is adequate, Congress, in enacting that section, did not divest the Court of its power to determine what amount, if any, is necessary to provide adequate assurance of payment to a utility company. *See id.* § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court

8745-1/00533426.000

8

may order modification of the amount of an assurance of payment . . . "). Under section 366(c), there is nothing to prevent a court from deciding, as courts did before the enactment of BAPCPA, that, on the facts of the case before it, the amount required of the debtor to adequately assure payment to a utility company is nominal, or even zero. *See In re Pac-West Telecomm, Inc.*, Case No. 07-10562 (BLS) (Bankr. D. Del. May 2, 2007) (approving adequate protection that was one-time supplemental prepayment to each utility company equal to pro-rated amount of one week's charges) [Doc. ## 8 and 39]; *In re The N.Y. Racing Ass'n, Inc.*, Case No. 06-12618 (JMP) (Bankr. S.D.N.Y. Dec. 1, 2006) (approving adequate protection of a two-week deposit based on historical average as well as procedures for opting out).

20. Moreover, Congress has not changed the requirement that the assurance of payment only be "adequate." Courts construing section 366(b) of the Bankruptcy Code have long recognized that "adequate" assurance of payment does not require an absolute guarantee of the debtor's ability to pay. *See, e.g., In re Caldor, Inc. – N.Y.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires [a] [b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guarantee of payment.'") (citation omitted), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc. – N.Y.*, 117 F.3d 646 (2d Cir. 1997); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) (same). Therefore, despite the language in section 366(c)(2) of the Bankruptcy Code allowing a utility to take action against a debtor should the debtor fail to provide adequate assurance of payment that is "satisfactory" to the utility, section 366 of the Bankruptcy Code does not require that the assurance provided be "satisfactory" once the Court determines the appropriate amount of adequate assurance.

21. Accordingly, the Debtors believe that the proposed Adequate Assurance Deposit is reasonable and satisfies the requirements of section 366 of the Bankruptcy Code. The Adequate Assurance Deposit is similar to the relief granted in other recent chapter 11 cases filed in this and other jurisdictions after the 2005 Amendments became effective. *See, e.g., In re Advanced Living Techs., Inc.*, Case No. 13-10313 (HCM) (Bankr. W.D. Tex. March 18, 2013) [Doc. ## 7, 32, and 84]; *In re Crescent Res., LLC, et al.,* Case No. 09-11507 (CAG) (Bankr. W.D. Tex. June 15, 2009) [Doc. ## 5 and 44]; *In re TXCO Res., Inc.*, Case No. 09-51807 (RBK) (Bankr. W.D. Tex. May 20, 2009) [Doc. ## 24 and 46] (approving adequate assurance in the form of a cash deposit in an amount equal to the last monthly bill for utility service provided by each utility company prior to the petition date); *In re Renaissance Hosp. Grand Prairie, Inc.*, Case No. 08-43775 (DML) (Bankr. N.D. Tex. Sept. 5, 2008) [Doc. ## 49 and 120] (approving adequate assurance in the form of a one-month deposit to requesting utilities); *In re SemCrude, L.P.*, Case No. 08-11525 (BLS) (Bankr. D. Del. August 19, 2008) [Doc. # 813] (approving adequate assurance in the form of a letter of credit or escrow account containing an amount equal to two-week deposit); *In re Landsource Comtys. Dev. LLC*, Case No. 08-11111 (KJC) (Bankr. D. Del. June 10, 2008) [Doc. ## 6 and 32] (approving adequate assurance to requesting utilities in an amount equal to two weeks' deposit); *In re Steve & Barry's Manhattan, LLC*, Case No. 08-12579 (ALG) (Bankr. S.D.N.Y. July 31, 2008) [Doc. # 323] (approving adequate assurance to requesting utilities in an amount equal to two-week deposit).

22. Further, under section 105(a) of the Bankruptcy Code, the Court possesses the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The proposed procedures will ensure that the Debtors' Utility Services are continued without prejudicing the Utility Companies.

23. The relief requested herein will ensure that the Debtors' operations will not be disrupted by the termination of vital Utility Services or the Utility Companies' demands for unnecessarily large deposits that could endanger the Debtors' liquidity. The operation of the Debtors' businesses is dependent on the services provided by the Utility Companies. If a disruption occurs, the impact on the Debtors' business operations and revenues would be extremely harmful to the Debtors and all of their creditors and other parties in interest. Even if the Utility Companies did not interrupt their services, without the requested relief the Debtors could be forced to address numerous requests by Utility Companies in a disorganized manner during a critical period in this chapter 11 case when the Debtors' efforts should be focused on the stabilization and reorganization of their businesses. At the same time, the relief requested provides the Utility Companies with a fair and orderly procedure for determining requests for additional or different adequate assurance.

## The Relief Requested is Appropriate

24. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estate, creditors, and other parties in interest, and should be granted in all respects.

## Notice

25. No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case. Notice of this Motion has been provided to: (i) the United States Trustee for the Western District of Texas; (ii) the Debtors' twenty (20) largest creditors; (iii) counsel to secured creditors; and (iv) the Utility Companies (collectively, the "<u>Notice Parties</u>"). The Debtors submit that no further notice need be provided.

**Conclusion**

The Debtors respectfully request that the Court grant the relief requested herein and issue the proposed Interim Order attached as **Exhibit B** hereto. The Debtors also request general relief.

> Respectfully submitted,
>
> TAUBE SUMMERS HARRISON
> TAYLOR MEINZER BROWN LLP
>
> By: */s/ Cleveland R. Burke*
>     Eric J. Taube
>     State Bar No. 19679350
>     Mark C. Taylor
>     State Bar No. 19713225
>     Cleveland R. Burke
>     State Bar No. 24064975
>     Christopher G. Bradley
>     State Bar No. 24069407
> 100 Congress Avenue, 18th Floor
> Austin, Texas 78701
> Telephone: (512) 472-5997
> Facsimile: (512) 472-5248
> etaube@taubesummers.com
> mtaylor@taubesummers.com
> cburke@taubesummers.com
> cbradley@taubesummers.com
>
> **PROPOSED ATTORNEYS FOR
> DEBTORS AND DEBTORS IN POSSESSION**

**CERTIFICATE OF SERVICE**

The foregoing motion was served on all persons on the attached list via first class mail on October 14, 2015.

> */s/ Cleveland R. Burke*
> Cleveland R. Burke

8745-1/00533426.000